**13 CV 0799**

JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELROY HODGE,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE ANDY
URENA, JOHN DOE POLICE OFFICERS ##1-3, JOHN
DOE #1 SUPERVISOR IN CHARGE OF BRONX
PRESCRIPTION DRUG STING #1

                                    Defendants.
------------------------------------------------------------x

**COMPLAINT AND JURY DEMAND**

**ECF CASE**



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a December 9, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, false arrest, and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within, and the events occurred within, the

boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a 50 year old African-American citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Defendant Detective Andy Urena is an employee of the New York City Police Department and was acting under color of law and within the scope of and in furtherance of his employment with the City of New York.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On December 9, 2011 plaintiff Elroy Hodge picked up his prescription from a pharmacy near the corner of 149th street and Third Avenue in the Bronx, NY. At around 2:00 PM, he exited the store and began walking down the block on the sidewalk with his friend, Dennis Jenkins.

12. Just moments after they left the pharmacy, undercover police officers jumped out of a car and immediately arrested plaintiff Elroy Hodge. He was taken to the precinct and strip searched. He was charged by police with sale of a controlled substance, a "B" Felony.

13. Approximately 12 hours later, plaintiff was released from custody, the Bronx County District Attorney's Office declined to prosecute the case.

14. Plaintiff Elroy Hodge did not sell his prescription, or any drugs, to his friend Dennis

Jenkins or anyone else. No money changed hands between them. There was no reasonable suspicion or probable cause to support plaintiff's arrest.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation,

emotional distress, frustration, extreme inconvenience, anxiety;

    f.    Loss of liberty;

    g.    Physical pain and suffering;

## FIRST CAUSE OF ACTION
(ASSAULT)

18. The above paragraphs are here incorporated by reference.

19. By swinging at plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

20. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

21. Plaintiff was damaged by defendants' assault.

## SECOND CAUSE OF ACTION
(BATTERY)

22. The above paragraphs are here incorporated by reference.

23. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him when they handcuffed him.

24. Defendants used excessive and unnecessary force with plaintiff.

25. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

26. Plaintiff was damaged by defendant's battery.

## THIRD CAUSE OF ACTION
(FALSE ARREST)

27. The preceding paragraphs are here incorporated by reference.

28. Defendants subjected plaintiff to false arrest, false imprisonment, false detention, and deprivation of liberty without probable cause.

29. Plaintiff was aware of his confinement, and did not consent to it.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

31. As a result of the false arrest, imprisonment, detention and deprivation of liberty, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

32. The preceding paragraphs are here incorporated by reference.

33. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

34. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## FIFTH CAUSE OF ACTION
(42 U.S.C. § 1983)

35. The above paragraphs are here incorporated by reference.

36. Defendants acted under color of law and conspired to deprive plaintiff of his civil,

constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

37. Defendants falsely arrested, maliciously prosecuted, and used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

38. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SIXTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

39. The above paragraphs are here incorporated by reference.

40. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

41. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the

aforementioned to persist.

42. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

43. Moreover, it has been well publicized that police officers are instructed to meet productivity goals, i.e. arrest quotas, in order to advance their careers and to avoid undesirable assignments and tours of duty. Supervisors have been tape recording giving orders to make arrests and write summonses without regard to guilt.

44. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the IAB from the first day of the incidents complained of, the City has failed to remedy the wrong.

45. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

46. The City is liable for the damages suffered by plaintiff as a result of the conduct of their

employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but have nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
February 1, 2013

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Det. Andy Urena
257 Alexander Avenue
Bronx, NY 10454

Submitted by,

*/s/ Leo Glickman*

Stoll, Glickman & Bellina, LLP
By: Leo Glickman
Attorneys for Plaintiff
475 Atlantic Ave. Fl.3
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com